## Daniel F. Burke, Appellee, v. City of Chicago, Appellant.

### Gen. No. 18,969.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

### Statement of the Case.

Action in the Municipal Court of Chicago by Daniel F. Burke against the City of Chicago to recover interest on local improvement bonds, tried by the court without a jury upon a stipulation stating in substance that when the plaintiff's bonds matured he demanded payment and the City paid him the interest which was due at that time, but did not then pay the principal "because on said date there was a deficiency in the special assessment fund provided for the payment of the same;" that subsequent to December 31, 1901, the plaintiff made frequent demands for payment and that the City made several payments on account, but that the principal was not paid in full until December 31, 1909, "because there had not been funds in said special assessment fund between the date of maturity and said date of payment available for the payment of the same in full;" that no interest was paid subsequent to December 31, 1901, and that the total amount of such interest on the unpaid portions of the principal of said bond, computed at the rate of five per cent. per annum from December 31, 1901, to December 31, 1909, is $1,961.42; that when the last payment of principal was made on December 31, 1909, there remained to the credit of said warrant (i. e., the special assessment fund) on the city comptroller's books, the sum of $10.29, after which a "surplus began to accrue" which, on April 22, 1912, amounted to $3,086.92; "that at no time from 1901 to 1909 did any money remain to the

credit of said warrant in the office of said comptroller without being applied *pro rata* to the payment of all the bonds issued under said warrant;'' that the total amount collected up to April 22, 1912, upon the special assessment levied to defray the cost of the improvement was $593,935.86; that after collecting part of the assessment and prior to December 31, 1897, the City "rebated" or paid back to property owners, before paying the cost of the improvement, $2,962.20; that in the assessment proceeding, the City of Chicago was assessed for public benefits $1,200, and said assessment was confirmed September 18, 1895, but that the City never paid the amount so assessed for public benefits into the special assessment fund.

From a judgment for plaintiff for $1,961.42, which the trial court on motion refused to vacate, defendant appeals.

PHILIP J. McKENNA and HOWARD F. BISHOP, for appellant; WILLIAM H. SEXTON, of counsel.

W. S. JOHNSON and TOLMAN & REDFIELD, for appellee; HENRY P. CHANDLER, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1166*—*liability for interest on local improvement bonds.* Where the stipulated facts showed that owing to a deficiency in the special assessment fund the City was unable to pay interest on local improvement bonds held by plaintiff for a period of eight years; that as payments came in they were applied *pro rata* to the payment of the bonds, the principal of plaintiff's bonds having been paid in full, but no interest was paid for eight years prior to the payment of the principal and that before paying for the cost of the improvement the City rebated to property owners a sum in the aggregate more than sufficient to pay the amount of interest due on the bonds held by plaintiff, it was *held* that the City was liable for the interest claimed by plaintiff, since but for its wrongful act in rebating to the property owners before paying for

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the improvement it would have had on hand sufficient funds to meet the interest payments.

2. APPEAL AND ERROR, § 966*—*what matters not reviewed.* Where plaintiff claimed that but for the wrongful act of the City in rebating to property owners before paying the cost of the improvement it would have had on hand, applicable to interest payments, a sum sufficient to pay the interest on local improvement bonds held by him, defendant's contention that it was liable to plaintiff only for his *pro rata* share, with other bondholders, of the amount rebated, cannot be considered, where there was nothing in the stipulated facts upon which the case was tried, or in any part of the record, to show that there were any bonds outstanding and unpaid other than plaintiff's, or that any bond holder other than plaintiff had, or claimed to have, any interest in the special assessment fund in question.

3. APPEAL AND ERROR, § 906*—*when matters incorporated in transcript not considered.* An affidavit that the stipulated facts upon which the case was tried below were inadequate and did not contain all the facts necessary for the proper determination of the issues, appearing in the transcript of the record certified by the clerk but not in the bill of exceptions, is no part of the record and cannot be considered.

4. APPEAL AND ERROR, § 810*—*how affidavits made part of record.* An affidavit introduced before the trial court cannot be considered unless incorporated in the bill of exceptions.

5. APPEAL AND ERROR, § 907*—*reference to affidavits in bill of exceptions.* A reference in the bill of exceptions to an affidavit introduced before the court below does not operate to incorporate it therein.

6. MUNICIPAL CORPORATIONS, § 1166*—*burden of proof in action for interest on local improvement bond.* In an action by the holder of local improvement bonds to recover interest unpaid thereon, on the ground that but for the wrongful act of the City in rebating to property owners before paying for the cost of the improvement there would have been on hand in the special assessment fund, applicable to interest payments, an amount sufficient to meet plaintiff's claim, the burden is on the City to show that others had like claims against it, amounting to more than the funds available, before it could require plaintiff to *pro rate* with other creditors.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.